## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BSPV-PLANO, LLC, | § | Case No. 22-40276 (BTR) |
| | § | |
| Debtor. | § | |
| | § | |

### ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

CAME ON FOR EMERGENCY HEARING the *Emergency Motion for Interim and Final Authority to Use Cash Collateral* (the "Motion"), filed by BSVP-Plano, LLC (the "Debtor"), the debtor-in-possession in the above styled and numbered bankruptcy case (the "Bankruptcy Case"). Finding that service and notice of the Motion was sufficient and appropriate under the circumstances, that the Court has core jurisdiction over the Motion, and, based on the evidence and the arguments of counsel, that the Motion is well taken and that the relief requested therein is lawful and appropriate, it is hereby:

ORDERED that the Motion is GRANTED on an interim basis as provided for herein; it is further

ORDERED that the Motion is set for a final hearing on _____, 2022 (the "Final Hearing"); it is further

ORDERED that the Debtor may use all cash in the "Project Fund" (as defined in the Motion) held by New Hope Cultural Education Facilities Finance Corporation (the "Issuer"), which the Issuer shall turn over and make available to the Debtor, and all revenue from the Project (defined in the Motion) (together, the "Cash Collateral"), from the date of this Order through to the Final Hearing, in the amounts set forth and for the purposes specified in the Budget attached hereto as Exhibit "A" and incorporated herein, subject to a variance of no more than 10% of any

line item and no more than 5% over the entire budget, unless the Issuer approves otherwise in writing; it is further

ORDERED that, without deciding whether the Issuer holds valid, perfected, and unavoidable security interests and liens in the Cash Collateral, the Issuer shall have replacement liens against all postpetition property of like-kind collateral with respect to its prepetition collateral, in the same priority and with the same validity as its prepetition collateral, to secure against any diminution in the value of the Cash Collateral caused by the Debtor's usage thereof; it is further

ORDERED that, to the extent of any diminution in the value of Issuer's collateral, and to the extent that the Issuer has valid, perfected, and unavoidable security interests and liens against the Cash Collateral, the Issuer shall have a superpriority administrative claim under section 507(b) of the Bankruptcy Code for any diminution in value of the Issuer's collateral caused by the Debtor's use of the Cash Collateral; it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent possible to interpret and enforce this Order.

SO ORDERED.

_____
Honorable Brenda T. Rhoades
United States Bankruptcy Judge