## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BSPV-PLANO, LLC, | § | Case No. 22-40276 (BTR) |
| | § | |
| Debtor. | § | |
| | § | |

## ORDER AUTHORIZING INTERIM POSTPETITION FINANCING

CAME ON FOR EMERGENCY HEARING the *Emergency Motion for Interim and Final Approval of Postpetition Financing* (the "Motion"), filed by BSVP-Plano, LLC (the "Debtor"), the debtor-in-possession in the above styled and numbered bankruptcy case (the "Bankruptcy Case"). Finding that service and notice of the Motion was sufficient and appropriate under the circumstances, that the Court has core jurisdiction over the Motion, and, based on the evidence and the arguments of counsel, that the Motion is well taken and that the relief requested therein is lawful and appropriate, it is hereby:

ORDERED that the Motion is GRANTED on an interim basis as provided for herein; it is further

ORDERED that the Motion is set for a final hearing on _____, 2022 (the "Final Hearing"); it is further

ORDERED that the Debtor may borrow, on an interim basis, up to $500,000.00 (the "Interim Loan") from DCJ Capital, LLC (the "DIP Lender"), on account of which the Debtor shall pay the DIP Lender, from the Interim Loan, an origination fee of $2,500.00, an administrative fee of $500.00, and monthly interest at the rate of 4.5% simple interest, with no principal payments prior to maturity, which maturity shall be December 31, 2022, unless the Interim Loan is defaulted and accelerated prior thereto; it is further

ORDERED that the Interim Loan shall be in default in this Bankruptcy Case is dismissed or converted, or if a Chapter 11 trustee is appointed, or if New Hope Cultural Education Facilities Finance Corporation, a nonprofit cultural education facilities finance corporation organized under the laws of the State of Texas (the "Issuer") obtains relief from the automatic stay; it is further

ORDERED that the Interim Loan shall be secured by: (i) a first priority security interest and lien against all property of the estate in which the Issuer does not otherwise have a lien, including in the funds and proceeds of the Interim Loan; and (ii) security interests and liens against all property of the estate in which the Issuer otherwise has a valid and perfected lien, which security interests and liens shall be junior to those of the Issuer; it is further

ORDERED that the Interim Loan shall be subject to a carveout from the DIP Lender's security interests and liens, during the interim period, in the amount of $_____, which may be used for US Trustee fees and professional fees and expenses to the extent allowed; it is further

ORDERED that the Interim Loan and all security interests and liens with respect to the same may be evidenced by appropriate promissory notes, U.C.C. financing statements, and deeds of trust, all of which may be filed and recorded against the Debtor and its property, but in all events the terms of this Order shall control and the automatic stay remains in place with respect to the DIP Lender, except in the event that the Court otherwise grants the Issuer relief from the automatic stay, in which case the DIP Lender shall automatically be granted relief from the automatic stay to enforce all of its rights under this Order; it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent possible to interpret and enforce this Order.

SO ORDERED.

_____
Honorable Brenda T. Rhoades
United States Bankruptcy Judge