# REAL ESTATE LIEN NOTE

Effective Date:         March 8, 2022

Maker:          BSPV- Plano, LLC, a Texas limited liability company

Payee:          DCJ Capital, LLC, a Texas limited liability company

Place for Payment (including county):

    1301 West 25th Street, Suite 510
    Austin, Travis County, Texas 78705

Principal Amount:

    One Million and No/100ths Dollars ($1,000,000.00)
    The principal amount will be funded in two installments of Five Hundred Thousand Dollars ($500,000.00) each, and interest will accrue on the principal installments from the date of each funding.

Annual Interest Rate on Unpaid Principal from Date of Funding:

    Four and One-half Percent (4.5%)

Annual Interest Rate on Matured, Unpaid Amounts:

    Ten Percent (10%)

Terms of Payment (principal and interest):

    Interest only will be due and payable in monthly installments beginning on April 14, 2022, and continuing regularly and monthly thereafter on the fourteenth (14th) day of each succeeding calendar month until December 14, 2022, when the balance of this note, both as to principal and accrued interest, will be due and payable in full.

EXHIBIT P

Security for Payment:

A lien created in a Deed of Trust of even date herewith to Angela Mays, Trustee, covering the following described property:

Lots One (1) and Two (2), Block A, Bridgemoor Plano Addition, a subdivision in Collin County, Texas, according to the map or plat recorded in the Official Public Records of Collin County, Texas, and being an independent living facility on two lots on 31.2 acres located on the east and west sides of Park Vista Road, 735+ or – feet south of 14th Street, Zoned Planned Development – 498-Multifamily residence – 3, Neighborhood #70.  Tabled June 1, 2015.

Maker promises to pay to the order of Payee at the place for payment and according to the terms of payment the principal amount plus interest at the rates stated above.  All unpaid amounts shall be due by the final scheduled payment date.  Interest shall be calculated on the unpaid principal to the date each installment is due, and the payment made shall be credited to the discharge of the interest accrued, the reduction of principal, and other authorized charges, if any, in such manner and order as the Payee shall determine in its sole discretion.

If Payee has not received the full amount of any monthly payment by the end of fifteen (15) calendar days after the date it is due, Maker agrees to pay a late charge to Payee in the amount of five percent (5%) of the overdue payment for the purpose of defraying the expense incident to handling such overdue payment.  Maker will pay this late charge promptly but only once for each late payment.  This late charge shall not apply to the payment due upon the maturity of the note.

The undersigned Maker shall have the right and privilege of prepaying this Note at any time or times, in whole or in part, without notice or penalty.  Any prepayments of principal shall be applied, in inverse order of maturity, to the payments scheduled under this Note to repay the principal hereof, and shall not relieve Maker of the obligation to pay scheduled obligatory payments on this Note, in accordance with the terms hereof, as the same mature.  Principal that is prepaid will, however, cease to bear interest from the date of prepayment.

On default in the payment of this note or in the performance of any obligation in any instrument securing or collateral to it, the unpaid principal balance and earned interest on this note shall become immediately due at the election of Payee.  Maker and each surety, endorser, and guarantor waive all demands for payment, presentations for payment, notices of intention to accelerate maturity, protests, and notices of protest.

If this note or any instrument securing or collateral to it is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding then Maker shall pay Payee reasonable attorney's fees in addition to other amounts due.  Reasonable attorney's fees shall be 10% of all amounts due unless either party pleads otherwise.

Nothing in this note shall authorize the collection of interest in excess of the highest rate allowed by law.

Each Maker is responsible for the entire amount of this note.

The terms Maker and Payee and other nouns and pronouns include the plural if more than one.

All agreements and transactions between Maker and Payee of which this Note is a part (the "Loan Transaction") whether now existing or hereafter arising, whether contained herein or in any other instrument, and whether written or oral, are hereby expressly limited so that in no contingency or event whatsoever, whether by reason of acceleration of the maturity hereof, prepayment, demand for prepayment or otherwise, shall the amount contracted for, charged or received by Payee from the Maker for the use, forbearance or detention of the principal indebtedness or interest hereof, which remains unpaid from time to time, exceed the maximum amount permissible under applicable law, it particularly being the intention of the parties hereto to conform strictly to the applicable laws of usury.  Any interest payable hereunder or under any other instrument relating to the loan evidenced hereby that is in excess of the legal maximum, shall in the event of acceleration of maturity, prepayment, demand for prepayment or otherwise, be automatically, as of the date of such acceleration, prepayment, demand or otherwise, applied to a reduction of the principal indebtedness hereof and not to the payment of interest, or if such excessive interest exceeds the unpaid balance of such principal, such excess shall be refunded to the maker.  To the extent not prohibited by law, determination of the legal maximum amount of interest shall at all times be made by amortizing, prorating, allocating and spreading in equal parts during the period of the full stated term of the loan, all interest at any time contracted for, charged or received from the Maker in connection with the loan, so that the actual rate of interest on account of such indebtedness is uniform throughout the term thereof.

THIS LOAN IS PAYABLE IN FULL ON DECEMBER 14, 2022.  AT MATURITY, YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE.  HOLDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME.  YOU WILL THEREFORE BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER WILLING TO LEND THE MONEY AT PREVAILING MARKET RATES, WHICH MAY BE CONSIDERABLY HIGHER THAN THE INTEREST RATE ON THIS LOAN.  IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME HOLDER.  THE AMOUNT OF THE MONTHLY PAYMENTS ARE SUBJECT TO INCREASE IN THE EVENT OF AN INCREASE IN THE INTEREST RATE CHARGED ON THIS NOTE.

THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

<u>**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES**</u>.

        BSPV-PLANO, LLC
        A Texas limited liability company

By:    Spectrum Housing Corporation,
        A Texas corporation, its managing member

By:    _____
        Berri McBride, Vice President