# DEED OF TRUST

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORDS IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER=S LICENSE NUMBER.**

Effective Date: March 8, 2022

Grantor: BSPV-Plano, LLC, a Texas limited liability company

Grantor's Mailing Address (including county):

> 4851 Keller Springs Road, Suite 209
> Addison, Collin County, Texas 75001

Trustee: Angela Mays

Trustee's Mailing Address (including county):

> c/o Munsch, Hardt, Kopf & Harr, P.C.
> 1717 West 6th Street, Suite 250
> Austin, Travis County, Texas 78703

Beneficiary: DCJ Capital, LLC, a Texas limited liability company

Beneficiary's Mailing Address (including county):

> 1301 West 25th Street, Suite 510
> Austin, Travis County, Texas 78705

Note(s)

> Date: March 8, 2022
>
> Amount: One Million Dollars ($1,000,000.00)
>
> Maker: BSPV-Plano, LLC, a Texas limited liability company
>
> Payee: DCJ Capital, LLC, a Texas limited liability company

EXHIBIT Q

Final Maturity Date: December 8, 2022

Property (including any improvements):

Lots One (1) and Two (2), Block A, Bridgemoor Plano Addition, a subdivision in Collin County, Texas, according to the map or plat recorded in the Official Public Records of Collin County, Texas, and being an independent living facility on two lots on 31.2 acres located on the east and west sides of Park Vista Road, 735+ or – feet south of 14th Street, Zoned Planned Development – 498-Multifamily residence – 3, Neighborhood #70. Tabled June 1, 2015.

Prior Lien(s) (including recording information):

The lien created in a Deed of Trust, Assignment of Rents and Leases and Security Agreement dated December 1, 2018, executed by Grantor for the benefit of New Hope Cultural Education Facilities Finance Corporation and to be assigned to The Huntington National Bank, as indenture trustee, recorded at Document Number 20190110000002300 of the Official Public Records of Collin County, Texas (the "First Lien Deed of Trust").

The lien created in a Subordinate Deed of Trust, Assignment of Rents and Leases and Security Agreement dated December 1, 2018, executed by the Grantor for the benefit of New Hope Cultural Education Facilities Finance Corporation and to be assigned to The Huntington National Bank, as indenture trustee, recorded at Document Number 20190110000032310 of the Official Public Records of Collin County, Texas (the "Second Lien Deed of Trust").

The lien created in a Junior Subordinate Deed of Trust, Assignment of Rents and Leases and Security Agreement dated December 1, 2018, executed by the Grantor for the benefit of New Hope Cultural Education Facilities Finance Corporation and to be assigned to The Huntington National Bank, as indenture trustee, recorded at Document Number 20190110000032320 of the Official Public Records of Collin County, Texas (the "Third Lien Deed of Trust").

Other Exceptions to Conveyance and Warranty:

All easements, mineral interests, covenants and restrictions of record in Collin County, Texas, or visible and apparent on the property, to the extent that they affect the above-described property.

For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust.  Grantor warrants and agrees to defend the title to the property.  If Grantor performs all the covenants and pays the note according to its terms, this deed of trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

**Grantor's Obligations**

Grantor agrees to:
1. keep the property in good repair and condition:
2. pay all taxes and assessments on the property when due;
3. preserve the lien's priority as it is established in this deed of trust
4. maintain, in a form acceptable to Beneficiary, an insurance policy that:
    a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing;
    b. contains an 80% coinsurance clause;
    c. provides fire and extended coverage, including windstorm coverage;
    d. protects Beneficiary with a standard mortgage clause;
    e. provides flood insurance at any time the property is in a flood hazard area; and
    f. contains such other coverage as Beneficiary may reasonably require;
5. comply at all times with the requirements of the 80% coinsurance clause;
6. deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten (10) days before expiration;
7. keep any buildings occupied as required by the insurance policy; and
8. if this is not a first lien, pay all prior lien notes that Grantor is personally liable to pay and abide by all prior lien instruments.

**Beneficiary Rights**

1. Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.
2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.
3. In the event of a total casualty loss, Beneficiary may apply any proceeds received under the insurance policy either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.  In the event the casualty loss is capable of being repaired in a reasonable period of time at a reasonable cost, then the proceeds received under the insurance policy will be applied in a manner agreed to by Grantor and Beneficiary.
4. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the

dates of payment at the rate stated in the note for matured, unpaid amounts.  The sum to be reimbursed shall be secured by this deed of trust.

     5.    If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, Beneficiary may:

        a. declare the unpaid principal balance and earned interest on the note immediately due;

        b. request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and

        c. purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

**Trustee's Duties**

If requested by Beneficiary to foreclose this lien, Trustee shall:

    1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;

    2.    sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and

    3.    from the proceeds of the sale, pay, in this order:

        a. expenses of foreclosure, including a commission to Trustee of 5% of the bid

        b. to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

        c. any amounts required by law to be paid before payment to Grantor; and

        d. to Grantor, any balance.

**General Provisions**

    1.    If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser.  If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

    2.    Recitals in any Trustee's deed conveying the property will be presumed to be true.

    3.    Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

    4.    This lien shall remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

    5.    If any portion of the note cannot be lawfully secured by this deed of trust, payments shall be applied first to discharge that portion.

    6.    Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property.  After deducting

any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the note.  Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.

       7.     Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the property.  Leases are not assigned.  Grantor warrants the validity and enforceability of the assignment.  Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not in default under the note or this deed of trust.  Grantor will apply all rent and other income and receipts to payment of the note and performance of this deed of trust.  If Grantor defaults in payment of the note or performance of this deed of trust, Beneficiary may terminate Grantor's license to collect and then as Grantor's agent may rent the property if it is vacant and collect all rent and other income and receipts.  Beneficiary neither has nor assumes any obligations as lessor landlord with respect to any occupant of the property.  Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property.  Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the note and this deed of trust in the order determined by Beneficiary.  Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies.  If Grantor becomes voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.

       8.     Interest on the debt secured by this deed of trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded.  On any acceleration or required or permitted prepayment, any such excess shall be cancelled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded.  This provision overrides other provisions in this and all other instruments concerning the debt.

       9.     When the context requires, singular nouns and pronouns include the plural.

       10.    The term note includes all sums secured by this deed of trust.

       11.    This deed of trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

       12.    If Grantor and Maker are not the same person, the term Grantor shall include Maker.

       13.    Grantor represents that this deed of trust and the note are given for the following purposes:

The note represents funds advanced to Grantor by Beneficiary of the purpose of paying construction and operating expenses.

Grantor agrees that the Beneficiary may accelerate the unpaid principal amount of the indebtedness secured hereby together with all interest accrued and unpaid, upon the sale of the Property, in whole or in part without the Beneficiary's prior written consent (which consent the Beneficiary shall have no obligation to grant).  As a condition to granting its consent to any of the foregoing, the Beneficiary may impose such conditions as it may deem proper and in whole or in part, including by way of illustration but not in limitation, a modification of the repayment terms, installment payments, and interest rate.  No consent granted hereunder shall apply to any subsequent occurrence which would otherwise require the Beneficiary's consent.

Beneficiary may remedy any default, without waiving same, or may waive any default without waiving any prior or subsequent default.

All agreements and transactions between Grantor and the Beneficiary hereof, whether now existing or hereafter arising, whether contained herein or in any other instrument, and whether written or oral, are hereby expressly limited so that in no contingency or event whatsoever, whether by reason of acceleration of the maturity hereof, prepayment, demand for prepayment or otherwise, shall the amount contracted for, charged or received by the Beneficiary hereof from the Grantor for the use, forbearance, or detention of the principal indebtedness of interest hereof, which remains unpaid from time to time, exceed the maximum amount permissible under applicable law, it particularly being the intention of the parties hereto to conform strictly to the applicable laws of usury.  Any interest payable hereunder or under any other of the legal maximum, shall, in the event of acceleration of maturity, prepayment, demand or otherwise, be applied to a reduction of the principal indebtedness hereof and not to the payment of interest, or if such excessive interest exceeds the unpaid balance of such principal such excess shall be refunded to the Grantor.  To the extent not prohibited by law, determination of the legal maximum amount of interest shall at all times be made by amortizing, prorating, allocating and spreading in equal parts during the period of the full stated term of the loan, all interest at any time contracted for, charged or received from the Grantor in connection with the loan, so that the actual rate of interest on account of such indebtedness is uniform throughout the term thereof.

As part of the consideration for this Agreement, Grantors hereby absolutely and unconditionally assign and transfer to the Beneficiary all the rents, revenues, and other income derived from the Property (the "Rents"), regardless of to whom the Rents are payable, as described below.  Notwithstanding any provision of this Agreement to the contrary, it is expressly agreed that the Beneficiary will not exercise its rights under this paragraph prior to default by Grantors.

    (a)    Grantor hereby authorizes the Beneficiary or the Beneficiary's agents to collect the rents and hereby direct each tenant to pay the Rents to the Beneficiary or the Beneficiary's agents; provided, however, that prior to default in the payment of the sum required to be paid under the Note or the documents evidencing or

securing the Note or in the performance of any covenant, condition, or agreement contained in any of the documents evidencing or securing the Note, and written notice given by the Beneficiary, Grantor shall collect and receive the Rents as trustee for the benefit of the Beneficiary and Grantor, and shall apply the Rents so collected as required by this Agreement. Grantor and the Beneficiary intend that this assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

(b)  Upon delivery of written notice by the Beneficiary to Grantor, and without the necessity of the Beneficiary entering upon, taking, and maintaining full control of the Property in person, by agent or by a court-appointed receiver, the Beneficiary shall immediately be entitled to possession of the Rents as the same become due and payable, including but not limited to any of the Rents then due and unpaid, and the Rents shall immediately upon delivery of such notice be held by Grantor as trustee for the benefit of the Beneficiary only. Grantor agrees that commencing upon delivery of such written notice by the Beneficiary, each tenant shall make the Rents payable to and pay the Rents to the Beneficiary or the Beneficiary's agents. The Beneficiary may deliver written demand to each tenant therefore, delivered to each tenant personally, by mail or by delivering such demand to each rental unit.

(c)  Grantor hereby covenants that except for the First Lien Deed of Trust, the Second Lien Deed of Trust and the Third Lien Deed of Trust Grantor has not executed any prior assignment of the Rents or any portion thereof, that Grantor has not performed, and will not perform, any acts and have not executed, and will not execute, any instrument which would prevent the Beneficiary from exercising its rights hereunder and that at the time of execution of this Agreement there has been no anticipation or prepayment of any of the Rents except for one month in advance. Grantor further covenants that Grantor will execute and deliver to the Beneficiary such further assignments of leases, rents and revenues of the Property as Beneficiary may from time to time request.

(d)  Upon delivery of written notice by the Beneficiary to Grantor, the Beneficiary may in person, by agent or by a court-appointed receiver, regardless of the adequacy of the Beneficiary's security, enter upon and take and maintain full control of the Property in order to perform all acts necessary and appropriate for the operation and maintenance thereof including, but not limited to, the execution, cancellation or modification of leases, the collection of the Rents, the making of repairs to the Property and the execution or termination of contracts providing for the management or maintenance of the property, all on such terms as are deemed best to protect the Beneficiary's security. In the event the Beneficiary elects to seek the appointment of a receiver for the Property, Grantor hereby consents to

the appointment of such receiver. The Beneficiary of the receiver shall be entitled to receive a reasonable fee for so managing the Property.

(e) All Rents collected subsequent to delivery of written notice by the Beneficiary to Grantor shall be applied first to the costs, if any, of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, cost of repairs to the Property, premiums on insurance policies, taxes, assessments and other charges on the Property, the costs of discharging any obligation or liability of Grantor as lessor or landlord of the Property and then to the sums secured by the Deed of Trust. The Beneficiary or the receiver shall have access to the books and records used in the operation and maintenance of the Property and shall be liable to account only for that portion of the Rents actually received. The Beneficiary shall not be liable to Grantor, anyone claiming under or through Grantor or anyone having an interest in the Property by reason of any powers exercised, or not exercised, by the Beneficiary hereunder.

(f) If the Rents are not sufficient to meet the costs, if any, of taking control of and managing the Property and collecting the Rents, any funds expended by the Beneficiary for such purposes shall become an indebtedness of Grantor to the Beneficiary secured by the Deed of Trust. Unless the Beneficiary and Grantor agree in writing to the terms of payment, such amounts shall be payable upon notice from the Beneficiary to Grantors requesting payment thereof and shall bear interest from the date of disbursement at the rate stated in this Agreement.

(g) Any entering upon, taking and maintaining of control of the Property by the Beneficiary or the receiver and any application of the Rents as provided herein shall not cure or waive any default or invalidate any other right or remedy of the Beneficiary under applicable law or that is provided for the Note or the Deed of Trust. This assignment of rents shall terminate at such time as all the indebtedness secured by the Deed of Trust is paid in full.

Grantor represents and warrants as follows:

(a) The Property and the operations conducted thereon do not violate any order of any court or governmental authority or Environmental Laws (as hereinafter defined); (b) without limitation of clause (a) above, the Property and the operations currently conducted thereon and, to the best knowledge of Grantor, the operations conducted by any prior owner or operator of the Property were not and are not in violation of or subject to any existing, pending or threatened action, suit, investigation, inquiry or proceeding by or before any court or governmental

authority or to any remedial obligations under Environmental Laws; (c) all notices, permits, licenses or similar connection with the operation or use of the Property have been duly obtained or filed; (d) any hazardous substances or solid waste generated at the Property have, to the best knowledge of Grantor, in the past been transported, treated and disposed of only by carriers maintaining valid permits under RCRA (as hereinafter defined), and any other Environmental Law, which carriers and facilities have been and are operating in compliance with such permits; (e) Grantor has taken all steps necessary to determine and have disposed of or otherwise released and there has been no threatened release of any hazardous substances on or to the Property except in compliance with Environmental Laws; and (f) Grantor has no material contingent liability in connection with any release or threatened release of any hazardous substance or solid waste into the environment.

As used in this Agreement, "Environmental Laws" shall mean any and all laws, statutes, ordinances, rules, regulations, orders or determination of any governmental authority pertaining to health or the environment in effect in any and all jurisdictions in which Grantor is conducting or at any time has conducted business, or where the Property is located, or where any hazardous substances generated by or disposed of by Grantor is located, including without limitation, the Clean Air Act, as amended, the comprehensive Environmental, Response, Compensation, and Liability Act of 1980 ("CERCLA"), as amended, the Federal Water Pollution Control Act, as amended, the Occupational Conservation and Recovery Act of 1976 ("RCRA"), as amended, the Safe Drinking Water Act, as amended, the Toxic Substances Control Act, as amended, the Superfund amendments and Reauthorization Act of 1986, ("SARA") as amended, and other environmental conservation or protection laws.

The terms "hazardous substance" and "release" (or "threatened release") have the meanings specified in CERCLA, and the terms "solid waste" and "disposal" (or "disposed") have the meanings specified in RCRA; provided, however, that (i) in the event either CERCLA or RCRA is amended so as to broaden the meaning of any term defined thereby, such broader meaning shall apply subsequent to the effective date of such amendment, (ii) to the extent the laws of the state in which the Property is located establish a meaning for "hazardous substance," "release," "solid waste" or "disposal" which is broader than that specified in either CERCLA or RCRA, such broader meaning shall apply, and (iii) the terms "hazardous substance" and "solid waste" shall include all oil and gas exploration and production waste that may present an endangerment to public health or welfare or the environment, even if such wastes are specifically exempt from classification as hazardous substances or solid wastes pursuant to CERCLA or RCRA or the state law analogous to those statutes.

The Beneficiary, or its representatives, will be permitted to enter upon the Property to inspect the Property and any and all improvements thereto.

Grantor covenants and agrees to keep the Property free of any contamination from hazardous substances, solid wastes or other pollutants and to remove the same (or if removal is prohibited by law, to take whatever action is required by law) promptly upon discovery at Grantors' sole expense. Grantor will establish and implement such procedures as may be necessary to continuously determine and assure that (i) the Property and the operations conducted thereon are in compliance with and do not violate the requirements of any Environment Laws (ii) no solid wastes are disposed of on the Property, (iii) no hazardous substance will be released on or to the Property in a quantity equal to or exceeding that quantity which requires reporting pursuant to Section 103 of CERCLA, and (iv) no hazardous substance or solid waste is released on or to the Property so as to pose an imminent and substantial endangerment to public health or welfare or the environment.

Grantor will notify the Beneficiary in writing within five (5) business days of (i) the commencement of any legal or regulatory proceedings affecting the Property or any part thereof, including without limitation, (a) any and all enforcement, clean-up, removal or other governmental or regulatory actions instituted, completed or threatened pursuant to any applicable Environmental Laws, (b) all claims made or threatened by any third party against Grantors or the Property relating to damage, contribution, costs recovery compensation, loss or injury resulting from any hazardous substance (the matters set forth in clauses (a) and (b) are hereinafter referred to as "Hazardous Substance Claims"), (c) Grantor's receipt of any notification from any source regarding the Property's status pursuant to any Environmental Laws, or (d) Grantor's discovery of any occurrence or condition on the Property that could cause the Property or any part thereof to be subject to any restrictions on the ownership, occupancy, transferability or use of the Property under any Environmental Laws; (ii) any casualty loss affecting the Property or any portion thereof, and will take such action as may be necessary to preserve the Beneficiary's rights affected thereby; and (iii) Grantor becoming aware of any environmental matter affecting the property requiring reporting to any governmental agency. Grantor agrees to take any and all actions necessary (at their sole expense) to maintain the Property in compliance with any Environmental Laws. To the fullest extent permitted by law, Grantor agrees to indemnify the Beneficiary from and against any and all claims, losses and liabilities growing out of or resulting from any Hazardous Substance Claims with respect to the Property.

Violation of any environmental representation, warranty, covenant, or agreement shall be an Event of Default under this Deed of Trust and the Beneficiary shall have such remedies as are provided herein and in any other loan documents executed in connection herewith and any and all other remedies available under existing law.

The lien created in this Deed of Trust shall be subordinate to the liens created by the First Lien Deed of Trust, the Second Lien Deed of Trust and the Third Deed of Trust. If default occurs in payment of any part of debt secured by the First Lien Deed of Trust, the Second Lien Deed of Trust or the Third Deed of Trust or if default occurs in the performance of the obligations created by the First Lien Deed of Trust, the Second Lien Deed of Trust or the Third Deed of Trust, the debt secured by this Deed of Trust shall immediately become payable at the option of Beneficiary.

        BSPV-PLANO, LLC
        A Texas limited liability company

By:    Spectrum Housing Corporation,
        A Texas corporation, its managing member

        By: _____
             Berri McBride, Vice President

STATE OF TEXAS '
'
COUNTY OF _____ '

    On this _____ day of March, 2022, before me, the undersigned Notary Public, personally appeared Berri McBride, who acknowledged that he is the Vice President of Spectrum Housing Corporation, a Texas corporation and the managing member of BSPV- Plano, LLC, a Texas limited liability company and that he, as such officer, being duly authorized so to do, executed the foregoing Deed of Trust for the purposes therein contained by signing his name as such officer.

_____
   Notary Public in and for
     the State of Texas

_____
     (type or print name)

My Commission Expires:_____

Deed of Trust - Page 12