## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| In re: § <br> § <br> BSPV-PLANO, LLC,[1] §    Chapter 11 <br> § <br>                                Debtor. §    Case No. 22-40276 (BTR) <br> § <br> § | |

### ORDER AUTHORIZING INTERIM POSTPETITION FINANCING

CAME ON FOR EMERGENCY HEARING ("Hearing") the *Emergency Motion for Interim and Final Approval of Postpetition Financing* (the "Motion"), filed by BSPV-Plano, LLC (the "Debtor"), the debtor-in-possession in the above styled and numbered bankruptcy case (the "Bankruptcy Case"). This Court, based on its consideration of the Motion, the arguments of counsel, the evidence adduced at the Hearing and the record before it, finds and concludes[2] that: (i) notice of the Motion and a hearing on the Motion were served via the Court's ECF noticing system and via U.S. mail on the parties listed in the respective certificates of service; (ii) the Court has core jurisdiction over the Motion; (iii) venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b); and (v) for the reasons stated by the Court on the record, the relief requested in the Motion is well taken, lawful, appropriate, and in the best interests of the Debtor's estate. Accordingly, it is hereby:

ORDERED that the Motion is GRANTED on an INTERIM basis as provided for herein; it is further

---

[1] The last four (4) digits of the Debtor's federal tax identification number is (3228). The Debtor's address for notices is: 4851 Keller Springs Road 209, Addison, Texas 75001.

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

ORDERED that the Motion is set for a final hearing on March 18, 2022, at 2:00 p.m. (prevailing Central Time) (the "Final Hearing"); it is further

ORDERED that the Debtor may borrow, on an interim basis, up to $500,000.00 (the "Interim Loan") from DCJ Capital, LLC (the "DIP Lender"), on account of which the Debtor shall pay the DIP Lender, from the Interim Loan, an origination fee of $2,500.00 (the "Origination Fee"), an administrative fee of $500.00 (the "Administrative Fee"), and monthly interest at the rate of 4.5% simple interest, with no principal payments prior to maturity, which maturity shall be December 31, 2022, unless the Interim Loan is defaulted and accelerated prior thereto subject to further Order of this Court; it is further

ORDERED that the Interim Loan shall be in default if this Bankruptcy Case is dismissed or converted, or if a Chapter 11 trustee is appointed, or if The Huntington Bank, as trustee for certain pre-petition bonds and as secured lender to the Debtor (the "Bond Trustee"), obtains relief from the automatic stay to foreclose on any of its collateral absent the Debtor's and DIP Lender's consent thereto; it is further

ORDERED that the Interim Loan shall be secured by: (i) a first priority security interest and lien against all property of the estate in which the Bond Trustee or the Issuer does not otherwise have a lien, including in the funds and proceeds of the Interim Loan, but excluding avoidance actions arising or preserved under Chapter 5 of Title 11 of the United States Code, §§ 101 *et seq.*; and (ii) security interests and liens against all property of the estate in which the Bond Trustee, the Issuer, or any other pre-petition creditor (each a "Senior Secured Creditor") otherwise has a valid and perfected lien (the "Senior Secured Creditor Liens"), including but not limited to any Cash Collateral (as defined in this Court's Order Authorizing Interim Use of Cash Collateral), post-petition replacement liens granted to the Bond Trustee, and the proceeds of any collateral of

a Senior Secured Creditor (all such collateral identified in this (ii), the "Senior Secured Creditor Collateral"), as to which all such security interests and liens granted in favor of the DIP Lender by this Order or any other document relating to the Interim Loan shall be junior and subordinate, in terms of priority and remedies to the Senior Secured Creditor Liens on such Senior Secured Creditor Collateral; it is further

ORDERED that prior to any advance of funds and proceeds of the Interim Loan other than the Origination Fee and the Administrative Fee, the Debtor must notify and request the consent of the Bond Trustee, in writing (including via e-mail transmission, each a "Debtor's Request").  If the Bond Trustee consents to the Debtor's Request, the Debtor is authorized to request, and the DIP Lender is authorized to advance, the amount of the Debtor's Request.  If the Bond Trustee has not consented to the Debtor's Request with twenty-four hours of the Debtor making such request, the Debtor may seek to obtain an emergency hearing date and time before the Court to seek authority for the expenditures sought in the Debtor's Request; it is further

ORDERED that the Interim Loan and all security interests and liens with respect to the same may be evidenced by appropriate promissory notes, UCC financing statements, and deeds of trust, all of which may be filed and recorded against the Debtor and its property, but in all events the terms of this Order shall control and the automatic stay remains in place with respect to the DIP Lender, except in the event that the Court otherwise grants the Bond Trustee relief from the automatic stay, in which case the DIP Lender shall automatically be granted relief from the automatic stay to enforce all of its rights under this Order; it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent possible to interpret and enforce this Order.

SO ORDERED.

Signed on 3/14/2022

_____ YM
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE