**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| In re:<br><br>BSPV-PLANO, LLC,[1]<br><br>Debtor. | § <br> § <br> § Chapter 11 <br> § <br> § Case No. 22-40276 (BTR) <br> § <br> § |

**INTERIM ORDER (I) AUTHORIZING THE PAYMENT OF CLAIMS
OF CRITICAL VENDORS AND (II) GRANTING RELATED RELIEF**

CAME ON FOR EMERGENCY HEARING ("Hearing") the emergency motion (the "Motion")[2] of the above-captioned debtor (the "Debtor") for the entry of an interim order (this "Interim Order") (i) authorizing, but not directing, the payment of claims of critical vendors and (ii) granting related relief.  This Court, based on its consideration of the Motion, the arguments of counsel, including the objection of the Bond Trustee to allowing the Debtor to use certain funds held by the Bond Trustee to pay the amounts requested in the Motion, the evidence adduced at the Hearing and the record before it, finds and concludes[3] that: (i) notice of the Motion and a hearing on the Motion were served via the Court's ECF noticing system and via U.S. mail on the parties listed in the respective certificates of service; (ii) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (iii) the Court has core jurisdiction over the Motion and may enter a final order thereon consistent with Article III of the United States Constitution; (iv) venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (v) the

---

[1]  The last four (4) digits of the Debtor's federal tax identification number is (3228).  The Debtor's address for notices is: 4851 Keller Springs Road 209, Addison, Texas 75001.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[3]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) and notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a); and (vi) for the reasons stated by the Court on the record, that just cause exists for the relief requested in the Motion and granted by this Order in the best interests of the Debtor's Estate, its creditors, and other parties in interest. Accordingly, it is HEREBY ORDERED THAT:

1. The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on **March 18, 2022, at 2:00 p.m.** (prevailing Central Time). Any objections or responses to entry of a final order on the Motion shall be filed on or before March 15, 2022. In the event no objections to entry of a final order on the Motion are timely received, the Court may enter such final order without need for the final hearing.

2. Subject to any orders of this Court limiting the Debtor's authorization to expend funds, including but not limited to any order authorizing the use of cash collateral or financing obtained by the Debtor, the Debtor is authorized, but not directed, to pay prepetition Critical Vendor Claims in the aggregate amount of not more than $517,936.97 and to or for the creditors listed on **Exhibit "A"** attached hereto and incorporated herein by reference for all purposes. In the event the Debtor will exceed the aggregate amounts as set forth in the Motion to any such putative creditor during the interim period, the Debtor may file a motion with the Court requesting approval to pay such increased amounts.

3. As a condition to receiving payment on account of Critical Vendor Claims, the Debtor shall require such parties to continue supplying goods or services to the Debtor on the same or better terms as existed between the parties as of the Petition Date, in accordance with a Trade Terms Acknowledgement, a form of which is attached hereto as **Exhibit "B"** and incorporated herein by reference for all purposes, an executed copy of which the Debtor shall provide to The

Huntington National Bank, as bond trustee, together with any pre-petition invoice(s) of such putative creditor paid pursuant to this Interim Order.

4. If any Critical Vendor accepts payment pursuant to this Interim Order for a prepetition obligation of the Debtor premised on compliance with paragraph 3 above and thereafter fails to comply with the Trade Terms Acknowledgement or such other terms agreed to by the Debtor (including, for the avoidance of doubt, any prepetition arrangement), any payments made pursuant to this Interim Order shall be deemed an avoidable post-petition transfer under section 549 of the Bankruptcy Code, and the Critical Vendor shall be required to immediately repay to the Debtor any payment made to it on account of its asserted claim to the extent the aggregate amount of such payments exceeds the post-petition obligations then outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims or otherwise. Upon recovery by the Debtor, the Critical Vendor Claim shall be reinstated as a prepetition claim in the amount so recovered.

5. Notwithstanding anything to the contrary herein, prior to making any payment pursuant to this Interim Order, the Debtor shall provide such creditor a copy of this Interim Order (unless previously provided) or include with the payment the following communication:

> By accepting this payment, the payee agrees to the terms of the Order of the United States Bankruptcy Court for the Eastern District of Texas, dated March 14, 2022, in the Bankruptcy Case of BSPV-Plano, LLC (Case No. 22-40276), entitled "*Interim Order (I) Authorizing the Payment of Claims of Critical Vendors and (II) Granting Related Relief*" and submits to the jurisdiction of that Court for enforcement thereof.

6. Nothing herein shall impair or prejudice the rights of the U.S. Trustee and any official committee appointed in the Bankruptcy Case, which are expressly reserved, to object to any payment made pursuant to this order to an insider (as such term is defined in section 101(31) of the Bankruptcy Code), or an affiliate of an insider, of the Debtor.

7. The Debtor shall maintain a schedule of payments made pursuant to this Interim Order, including the following information: (a) the names of the payees; (b) the nature of the payment; (c) the amount of the payment; (d) the payment date; and (e) the purpose of such payment. On no less than a weekly basis, the Debtor shall provide a copy of such matrix/schedule to the U.S. Trustee and the Bond Trustee, disclosing prior payment of any Critical Vendor Claim.

8. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

9. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Signed on 3/14/2022

*Brenda T. Rhoades*   YM
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

## Critical Vendors

| Critical Vendor |
| --- |
| AECC, Inc. |
| AGES Service Company, Inc. |
| CenTex Skilled Trades |
| Civil Point Engineers |
| Dalworth Framing Corp |
| JM Lawncare & Sprinkler, LLC |
| McLendon Hydrology and Engineering, LLC |
| Miguel Hernandez |
| National Construction Rentals |
| Ranger Fire, Inc. |
| Regent Construction Group, LLC |
| Republic Services |
| Southwest Enclosure Systems, Inc. |
| Trina Zais |
| United Rentals, Inc. |
| Zais Companies |

<u>**Exhibit B**</u>

**Form of Trade Terms Acknowledgement**

# TRADE TERMS ACKNOWLEDGEMENT

_____ (the "Vendor"), in exchange for the consideration set forth herein, hereby provides this trade terms acknowledgment (this "Acknowledgment") to and for **BSPV-Plano, LLC** (the "Company"), effective as of the date signed below.

## RECITALS

WHEREAS on March 1, 2022 (the "Petition Date"), the Company filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

WHEREAS on March [•], 2022, the Court entered its *Interim Order (I) Authorizing the Payment of Claims of Critical Vendors and (II) Granting Related Relief* [Docket No. [•]] (the "Order"), authorizing the Company to pay the prepetition claims of certain vendors, including Vendor, subject to the terms and conditions set forth in this Trade Terms Acknowledgement.

WHEREAS the Vendor agrees to and represents to the Company the following terms as a condition of the Company's payment on account of certain pre-petition claims Vendor may hold against the Company.

## AGREEMENT

**A.**     Vendor Payment.  Vendor represents and agrees that the sum of all amounts currently due and owing by the Company to Vendor for goods or services provided by Vendor as of the Petition Date is $[•] (the "Agreed Vendor Claim").  Following execution of this Acknowledgement, the Company shall pay Vendor $[•] in full satisfaction of its Agreed Vendor Claim (the "Vendor Payment").  By accepting the Vendor Payment, Vendor agrees to the terms of the Order and submits to the jurisdiction of the Court for enforcement thereof.

**B.**     Agreement to Supply.  Vendor agrees to continue to supply goods and/or services to the Company based on trade, economic, contractual and business terms, practices, and programs that are at least as favorable to the Company as those most recently in effect between Vendor and the Company prior to the Petition Date (and if none, then on such terms as are at least as favorable as those which Vendor customarily provides to its customers generally), including, but not limited to, credit limits, pricing, cash discounts, timing of payments, and allowances.

**C.**     Other Matters.  Vendor agrees to not file or otherwise assert against the Company or its assets any lien related to any pre-petition amounts allegedly owed to Vendor by the Company, and if the Vendor has taken steps to file or assert any such lien prior to entering into this Trade Terms Acknowledgement, Vendor will promptly take all necessary actions to remove such liens.  Vendor further agrees that the Company may pay post-petition invoices of the vendor in the ordinary course of business.

**D.** <u>Vendor Breach</u>. In the event that Vendor breaches this Acknowledgement, the Vendor Payment shall be deemed an avoidable post-petition transfer under section 549 of the Bankruptcy Code, and the Vendor shall immediately repay to the Company any payment made to it on account of the Agreed Vendor Claim to the extent the aggregate amount of such payment exceeds the post-petition obligations then outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims or otherwise. Upon recovery by the Company, the Agreed Vendor Claim shall be reinstated as a prepetition claim in the amount so recovered. Vendor has received a copy of the Order

**E.** <u>Disputes</u>. The Company and Vendor agree that any dispute with respect to this Acknowledgement shall be determined by the Court.

ACKNOWLEDGED AND AGREED:

**BSPV-PLANO, LLC**                                                                VENDOR:_____

By: Travis Wright                                                                           By: _____
Title: Chief Operating Officer                                                         Its: _____
                                                                                                    Date: _____