## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| In re:<br><br>BSPV-PLANO, LLC,[1]<br><br>Debtor. | § <br> § <br> § Chapter 11 <br> § <br> § Case No. 22-40276 (BTR) <br> § <br> § |

**ORDER (I) APPROVING THE DEBTOR'S PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (III) APPROVING THE DEBTOR'S PROPOSED PROCEDURES FOR RESOLVING ADDITIONAL ASSURANCE REQUESTS, AND (IV) GRANTING RELATED RELIEF**

CAME ON FOR EMERGENCY HEARING ("Hearing") the emergency motion (the "Motion")[2] of the above-captioned debtor (the "Debtor") for the entry of an order (this "Order") (i) approving the Debtor's proposed adequate assurance of payment for future utility services, (ii) prohibiting utility companies from altering, refusing, or discontinuing utility services, (iii) approving the Debtor's proposed procedures for resolving additional adequate assurance requests, and (iv) granting related relief.  This Court, based on its consideration of the Motion, the arguments of counsel, including the objection of the Bond Trustee to allowing the Debtor to use certain funds held by the Bond Trustee to pay the amounts requested in the Motion, the evidence adduced at the Hearing and the record before it, finds and concludes[3] that: (i) notice of the Motion and a hearing on the Motion were served via the Court's ECF noticing system and via U.S. mail on the parties listed in the respective certificates of service; (ii) the Court has jurisdiction over this

---

[1] The last four (4) digits of the Debtor's federal tax identification number is (3228).  The Debtor's address for notices is: 4851 Keller Springs Road 209, Addison, Texas 75001.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

matter pursuant to 28 U.S.C. § 1334; (iii) the Court has core jurisdiction over the Motion and may enter a final order thereon consistent with Article III of the United States Constitution; (iv) venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (v) the contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) and notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a); and (vi) for the reasons stated by the Court on the record, that just cause exists for the relief requested in the Motion and granted by this Order in the best interests of the Debtor's estate, its creditors, and other parties in interest. Accordingly, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtor shall cause a copy of the Motion and this Order to be served on each Utility Company listed on the Utility Service List, attached as **<u>Exhibit "A"</u>** hereto and incorporated herein by reference for all purposes, no later than two business days after the date this Order is entered.

3. The Adequate Assurance Deposit, together with the Debtor's ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

4. The Adequate Assurance Deposit shall be deposited into the Adequate Assurance Account within ten (10) business days of the entry of this Order, or as soon thereafter as is reasonably practicable. To the extent the Adequate Assurance Deposit is paid from cash collateral of the Bond Trustee, the Bond Trustee shall have a lien on the Debtor's right to a return of any Adequate Assurance Deposit.

5. The Debtor is authorized to cause the Adequate Assurance Deposit to be held in the Adequate Assurance Account during the pendency of this chapter 11 case.

6. Each Utility Company shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Company in the column labeled "Proposed Adequate Assurance" on the Utility Service List and as may be modified in accordance with this Order.

7. If an amount relating to Utility Services provided post-petition by a Utility Company is unpaid when due and remains unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Adequate Assurance Account by giving notice to the following parties: (a) proposed counsel to the Debtor, Munsch Hardt Kopf & Harr, P.C., 500 North Akard Street, Ste. 3800, Dallas, Texas 75201, Attn: Davor Rukavina, Esq. and Thomas D. Berghman, Esq.; (b) the Office of the United States Trustee, 110 N. College, Suite 300, Tyler, Texas 75702; and (c) counsel for the official committee of unsecured creditors (if any) appointed in the Bankruptcy Case and its counsel (collectively, the "Notice Parties"). The Debtor shall honor such request within five business days after the date the request is received by the Debtor, subject to the ability of the Debtor and any such requesting Utility Company to resolve any dispute regarding such request without further order of the Court. To the extent a Utility Company receives a disbursement from the Adequate Assurance Account, the Debtor shall replenish the Adequate Assurance Account in the amount disbursed.

8. The portion of the Adequate Assurance Deposit attributable to each Utility Company shall be returned to the Debtor on the earlier of: (a) reconciliation and payment by the Debtor of the Utility Company's final invoice in accordance with applicable non-bankruptcy law

following the Debtor's termination of Utility Services from such Utility Company; and (b) the effective date of any chapter 11 plan confirmed in the Bankruptcy Case.

9. The following "Adequate Assurance Procedures" are hereby approved:

   a. Any Utility Company desiring additional or different adequate assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional or different assurance (an "Adequate Assurance Request") on the Notice Parties. An Adequate Assurance Request may be made at any time.

   b. Any Adequate Assurance Request must (i) be in writing, (ii) identify the location for which the Utility Services are provided, (iii) summarize the Debtor's payment history relevant to the affected account(s), including any security deposits, and (iv) explain why the Utility Company believes the Adequate Assurance provided herein is not sufficient adequate assurance of future payment.

   c. Upon the Debtor's receipt of any Adequate Assurance Request, the Debtor shall promptly negotiate with such Utility Company to resolve such Utility Company's Adequate Assurance Request.

   d. The Debtor may, without further order from the Court, resolve any Adequate Assurance Request by mutual agreement with a Utility Company, and the Debtor may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtor believes that such adequate assurance is reasonable, subject to the terms of any collateral or other financing order entered by the Court.

   e. If the Debtor and the Utility Company are not able to reach an alternative resolution within 14 days of receipt of the Adequate Assurance Request, the Debtor or Utility Company may request a hearing before the Court to determine the adequacy of assurances of payment with respect to the particular Utility Company (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code. Pending resolution of any such Determination Hearing, the Utility Company filing such Adequate Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

10. The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures set forth herein.

11. Unless and until a Utility Company serves an Adequate Assurance Request, such Utility Company shall be (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code and (b) forbidden from (i) discontinuing, altering, or refusing services to, or discriminating against, the Debtor on account of any unpaid prepetition charges, the commencement of the Bankruptcy Case, or any perceived inadequacy of the Proposed Adequate Assurance and (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

12. The Debtor is authorized, following the giving of two-weeks' notice to the affected Utility Company, and the Debtor having received no objection from any such Utility Company, to add or remove any Utility Company from the Utility Service List, and the Debtor shall add to or subtract from the Adequate Assurance Deposit an amount equal to 50 percent of the Debtor's average monthly utility costs over the course of the prior 12 months for each subsequently added or removed Utility Company as soon as practicable.  If an objection is received, the Debtor shall request a hearing before this Court.  The Debtor shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility Company that the Debtor seeks to terminate or delete from the Utility Service List unless and until the two-week notice period has passed and the Debtor has not received any objection to termination or deletion of such Utility Company from the Utility Service List or until any such objection has been resolved consensually or by order of the Court. For Utility Companies that are added to the Utility Service List, the Debtor will cause a copy of this Order to be served, within two (2) business days, on such subsequently added Utility Company.  Any Utility Company subsequently added to the Utility Service List shall be bound by this Order and the Adequate Assurance Procedures.

13.     The Adequate Assurance Procedures set forth herein are for all Utility Providers providing Utility Services to the Debtor and are not limited to those parties or entities listed on the Utility Services List.

14.     The Debtor's service of the Motion upon the Utility Services List or any Utility Company shall not constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto.

15.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

17.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed on 3/14/2022

*Brenda T. Rhoades*  YM
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

### Utility Services List

| Provider | Service Provided | Half of Average Monthly Expenditure (Proposed Adequate Assurance) |
|---|---|---|
| Atmos Energy | Natural Gas | $35.00 |
| City of Plano | Water | $3,000.00 |
| TXU Energy | Electricity | $2,095.00 |
| Republic Services | Dumpster | $1,150.00 |