# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| In re:<br><br>BSPV-PLANO, LLC,[1]<br><br>Debtor. | § <br> § <br> § Chapter 11 <br> § <br> § Case No. 22-40276 (BTR) <br> § <br> § |

## ORDER (I) AUTHORIZING THE DEBTOR TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELIEF

CAME ON FOR EMERGENCY HEARING ("Hearing") the motion (the "Motion")[2] of the above-captioned debtor (the "Debtor") for the entry of an order (this "Order") (i) authorizing, but not directing, the Debtor to (a) pay prepetition wages, salaries, other compensation, and reimbursable expenses and (b) continue employee benefit programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, and (ii) granting related relief. This Court, based on its consideration of the Motion, the arguments of counsel, including the objection of the Bond Trustee to allowing the Debtor to use certain funds held by the Bond Trustee to pay the amounts requested in the Motion, the evidence adduced at the Hearing and the record before it, finds and concludes[3] that: (i) notice of the Motion and a hearing on the Motion were served via the Court's ECF noticing system and via U.S. mail on the parties listed in the respective certificates of service; (ii) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (iii) the Court has core jurisdiction over the Motion and may enter a final order

---

[1] The last four (4) digits of the Debtor's federal tax identification number is (3228). The Debtor's address for notices is: 4851 Keller Springs Road 209, Addison, Texas 75001.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

thereon consistent with Article III of the United States Constitution; (iv) venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (v) the contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) and notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a); and (vi) for the reasons stated by the Court on the record, that just cause exists for the relief requested in the Motion and granted by this Order in the best interests of the Debtor's estate, its creditors, and other parties in interest. Accordingly, it is HEREBY ORDERED THAT:

1.  The Motion is granted as set forth herein.

2.  Subject to any orders of this Court limiting the Debtor's authorization to expend funds, including but not limited to any order authorizing the use of cash collateral or financing obtained by the Debtor, the Debtor is authorized, but not directed, to continue to honor the Employee Obligations (including the Wage Obligations, Withholding Obligations, Leave Benefits, and Health and Welfare Benefits) in the ordinary course of business on a post-petition basis and in a manner consistent with the Debtor's prepetition policies and procedures, and, in the Debtor's discretion, to pay and honor prepetition amounts related thereto to the employees set forth on **Exhibit "A"** attached hereto and incorporated herein by reference, provided however that absent further order of this Court the Debtor shall not pay any pre-petition amounts owed to any single employee in excess of the priority limits set forth in 11 U.S.C. 507(a)(4) and (5).

3.  The Debtor shall provide reasonable advance notice to the U.S. Trustee, the Bond Trustee, and any statutory committee appointed in the chapter 11 cases of any material changes or modifications to the Employee Obligations and any new programs, policies, and benefits.

4.  Nothing in the Motion or this Order shall impair the ability of the Debtor to contest the validity or amount of any payment made pursuant to this Order.

5. Nothing herein shall be deemed to authorize the payment of any amounts which violate or implicate section 503(c) of the Bankruptcy Code, including any bonus, incentive, retention, or severance payments to any "insider" as defined in section 101(31) of the Bankruptcy Code, provided that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time by separate motion.

6. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Employee or other person or entity.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed on 3/14/2022

*Brenda T. Rhoades*    YM
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

## Employees

| Employee | Title/Position |
|---|---|
| Jose Castaneda | Lead Maintenance |
| Roger Zais | Superintendent |
| Cecilia Donyse Jadlowski | Property Manager |
| Mary Jane McConnell | Assistant Property Manager |