## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BSPV-PLANO, LLC,[1] | § | Case No. 22-40276 (BTR) |
| | § | |
| Debtor. | § | |
| | § | |

### ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

CAME ON FOR EMERGENCY HEARING on March 8, 2022 ("Hearing"), the *Emergency Motion for Interim and Final Authority to Use Cash Collateral* (the "Motion"),[2] filed by BSPV-Plano, LLC (the "Debtor"), the debtor-in-possession in the above styled and numbered bankruptcy case (the "Bankruptcy Case").  This Court, based on its consideration of the Motion, the arguments of counsel, the evidence adduced at the Hearing, and the record before it, finds and concludes[3] that: (i) notice of the Motion and a hearing on the Motion were served via the Court's ECF noticing system and via U.S. mail on the parties listed in the respective certificates of service; (ii) the Court has core jurisdiction over the Motion; (iii) venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) and notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a); (v) The Huntington National Bank, in its capacity as trustee for certain pre-petition bonds and as secured lender to the Debtor (the "Bond Trustee"), has objected to the Debtor's use of cash collateral and requested that, if the Court is to permit the

---

[1] The last four (4) digits of the Debtor's federal tax identification number is (3228).  The Debtor's address for notices is: 4851 Keller Springs Road 209, Addison, Texas 75001.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

Debtor to use the Bond Trustee's cash collateral over the Bond Trustee's objection, the Court grant the Bond Trustee adequate protection for such use; (vi) the Bond Trustee is adequately protected for the Debtor's use of the Cash Collateral (as defined below) for the reasons stated herein and for the limited purposes set forth herein; and (vii) for the reasons stated by the Court on the record, the relief requested in the Motion, to the extent granted herein, is lawful, appropriate, in the best interests of the Debtor's estate, and necessary to avert irreparable injury to the Debtor and its estate. Accordingly, it is hereby:

ORDERED that the Motion is GRANTED on an INTERIM basis for the period beginning on the Petition Date through March 18, 2022 ("Interim Period"), as provided for herein; it is further

ORDERED that the Motion is set for a final hearing on March 18, 2022 at 2:00 p.m. (prevailing Central Time) (the "Final Hearing"); it is further

ORDERED that the Debtor may use $877,000 from the "Project Fund" held under the Indenture (the "Cash Collateral") during the Interim Period, solely in the amounts set forth and for the purposes specified in the Interim Budget attached hereto as **Exhibit "A"** (the "Interim Budget"), which Interim Budget is incorporated herein by reference. The Bond Trustee shall turn over the Cash Collateral and otherwise make the Cash Collateral available to the Debtor upon the Debtor providing a requisition request to the Bond Trustee substantially in the form set forth in **Exhibit "B"** hereto, and under which the Debtor shall provide itemized disclosures of the authorized uses and amounts covered under the request, by category, and attach the Interim Budget as documentation. On no less than a weekly basis the Debtor shall provide written reports to the Bondholder Trustee and United States Trustee disclosing prior expenditures by the Debtor of Cash Collateral funded to the Debtor pursuant to this Order, by vendor and amount, and to the extent available, receipts or other documentation of such expenditures. Pending further Order of this

Court, the Debtor is prohibited from using Cash Collateral for any items not set forth on the Interim Budget or beyond the Interim Period, or from using Cash Collateral for any line-item in the Interim Budget in amounts greater than the amounts set forth in such line-item; it is further

ORDERED that, notwithstanding any other provision of this Order, the Debtor shall first use $50,000 remaining under the "Cash Injection from BSPV Equity Holders" line item[4] before expending any Cash Collateral pursuant to this Order; it is further

ORDERED that, as additional adequate protection to the Bond Trustee for the use of the Cash Collateral:

1. the Debtor shall maintain and preserve all existing insurance coverage to and for the Debtor's Project and the Debtor's continuing operations, including but not limited to general liability and premises liability coverage;

2. the Bond Trustee is hereby granted post-petition replacement liens against all property of the Debtor, with the same extent and priority as the Bond Trustee had with respect to property of the Debtor as of the Petition Date, to secure against any diminution in the value of the Bond Trustee's pre-petition collateral caused by the Debtor's use of Cash Collateral. Any and all such replacement liens are hereby deemed automatically perfected without the need for further action by the Bond Trustee or any other person or entity, and the Bond Trustee may record or present this Order as evidence thereof; and

3. in the event of any diminution in the value of Bond Trustee's collateral caused by the Debtor's use of Cash Collateral, the Bond Trustee shall be granted a superpriority

---

[4] Net of the professional retainer previously paid therefrom.

administrative claim under section 507(b) of the Bankruptcy Code for any such diminution in value; it is further

ORDERED that nothing in this Order is intended to adversely impact or prevent the Debtor's and Bond Trustee's ability to agree to additional or other expenditures of Cash Collateral during the Interim Period, or to propose to the Court at or before the Final Hearing to extend the Interim Period in connection with any agreed, additional corresponding Cash Collateral Budget allowances and authorizations applicable to same; it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent possible to interpret and enforce this Order.

SO ORDERED.

Signed on 3/14/2022

_Brenda T. Rhoades_ YM
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

**BSPV-Plano, LLC**
(Cash Flow Forecast - Weeks Ended 3/04/22 - 03/18/22 in 000s)

| CF Forecast Week Number | 1 | 2 | 3 | Thru Week Ending 3/18 |
|---|---|---|---|---|
| Week Ending | 4-Mar | 11-Mar | 18-Mar | Total |
| **Opening Cash Balance** | - | 200 | 492 | - |
| | | | | |
| **Operating Receipts:** | | | | |
| Rent (Less Concessions) [2] | - | - | - | - |
| Other Income [3] | - | - | - | - |
| Other | - | - | - | - |
| **Total Receipts** [1] | - | - | - | - |
| | | | | |
| **Operating Disbursements:** | | | | |
| *Operations* | | | | |
| Management Fee | - | - | - | - |
| Marketing & Advertising | - | - | - | - |
| Payroll | - | - | - | - |
| Utilities | - | - | - | - |
| Repairs & Maintenance | - | - | - | - |
| Insurance | - | - | - | - |
| Tenant Activities | - | - | - | - |
| G&A | - | - | - | - |
| Other Exp | - | - | - | - |
| **Total Operating Disbursements** [4] | - | - | - | - |
| | | | | |
| **Operating Cash Flow** | - | - | - | - |
| | | | | |
| **Soft Cost Draws** | - | - | - | - |
| | | | | |
| **Construction-Related Receipts:** | | | | |
| Access to Project Fund [5] | - | 877 | - | 877 |
| Access to O&M Fund [5] | - | - | - | - |
| Cash Injection from BSPV Equity Holders | 200 | - | - | 200 |
| | | | | |
| **Construction-Related Disbursements:** | | | | |
| HVAC | - | 45 | 90 | 135 |
| HVAC Materials | - | 151 | - | 151 |
| HVAC Finals | - | - | - | - |
| Drywall | - | - | - | - |
| Insulation | - | - | - | - |
| Paint | - | - | 6 | 6 |
| Electrical | - | - | 8 | 8 |
| Electrical Trim | - | - | 2 | 2 |
| Fire Rough | - | - | - | - |
| Fire Finals | - | - | 5 | 5 |
| Flooring | - | - | 35 | 35 |
| Showers | - | - | - | - |
| Hardware | - | - | - | - |
| Trim | - | - | - | - |
| Plumbing | - | 54 | 108 | 162 |
| Plumbing Trim | - | - | - | - |
| Appliance Installation | - | - | - | - |
| Cabinets/Granite Installation | - | - | - | - |
| Framing/Siding | - | 8 | 8 | 16 |
| Roofing | - | - | 20 | 20 |
| Gutters | - | - | - | - |
| Elevators | - | - | - | - |
| Doors | - | - | - | - |
| Mirror Installation | - | - | - | - |
| Balconies | - | - | - | - |
| Courtyard Finishes | - | - | - | - |
| Landscaping | - | - | - | - |
| Lighting | - | - | - | - |
| Sidewalks | - | - | - | - |
| Striping/Bumper Stops | - | - | - | - |
| Garage Storage Units | - | - | - | - |
| Carports | - | - | - | - |
| Pool/Pool Enclosure | - | - | - | - |
| Pool Deck Concrete | - | - | - | - |
| Pool Furniture | - | - | - | - |
| Clubhouse Furniture | - | - | - | - |
| East Side Retaining Wall | - | - | - | - |
| Specialties | - | - | - | - |
| Utilities | - | - | - | - |
| GC Management | - | - | - | - |
| Additional GC Management - Regent Construction | - | - | - | - |
| Equipment Rental | - | - | - | - |
| Materials | - | - | - | - |
| Trash Cleanup | - | - | 8 | 8 |
| Punchouts/Final Clean | - | - | - | - |
| Drainage Under Railroad | - | - | - | - |
| Hydrologist | - | - | - | - |
| Regulatory Consulting | - | - | 2 | 2 |
| Contingency | - | - | - | - |
| Retainage | - | - | - | - |
| **Total Construction-Related Disbursements** | - | 258 | 292 | 550 |
| | | | | |
| **Construction-Related Cash Flow** | 200 | 619 | (292) | 527 |
| | | | | |
| **Operating and Construction Net Cash Flow** | 200 | 619 | (292) | 527 |
| | | | | |
| **Chapter 11 Related Disbursements** | | | | |
| Critical vendor payment plans [6] | - | 317 | 50 | 367 |
| Bankruptcy counsel | - | - | - | - |
| Unsecured creditors committee | - | - | - | - |
| Ordinary course professionals | - | - | - | - |
| US Trustee | - | - | - | - |
| Utility security deposits | - | 10 | - | 10 |
| Other | - | - | - | - |
| | | | | |
| **Total Chapter 11 Related Disbursements** | - | 327 | 50 | 377 |
| | | | | |
| **Cash Flow Before Interest Payments** | 200 | 292 | (342) | 150 |
| | | | | |
| **Interest Payments** | | | | |
| A-Series Bonds | - | - | - | - |
| B-Series Bonds | - | - | - | - |
| C-Series Bonds | - | - | - | - |
| D-Series Bonds | - | - | - | - |
| **Total Interest Payments** | - | - | - | - |
| | | | | |
| **Net Cash Flow After Interest Payments** | 200 | 292 | (342) | 150 |
| | | | | |
| **Ending Cash Balance** [7] | 200 | 492 | 150 | 150 |

*Footnotes*

(1) Receipts are sourced from the FTI 55-month Projection of operating results
(2) First move-in is scheduled for Mid-March. However, the concession that will be offered is first month's rent free - thus the For simplicity sake, rent will be projected to be received on the first of the month, per the FTI projection
(3) Other Income includes parking, storage units, washer/dryer rental, door to door trash service, maid service, etc
(4) Disbursements are sourced from the FTI 55-month Projection of operating results
(5) Project Fund and O&M Fund balances are Market Value as of 11/16/21 - there may be immaterial movements since that date
(6) Critical Vendor payment plan: Most critical vendors scheduled at full pre-petition payment in week 2, then others estimated at 25% payments every two weeks, beginning in week 2. See Top 20 Unsecured Creditors list for identification of critical vendors
(7) Funded to bankruptcy counsel retainer

EXHIBIT B

FORM OF PROJECT FUND REQUISITION

Requisition No. _____              Date: _____

To:   The Huntington National Bank, as Trustee (the "Trustee") under the Trust Indenture dated as of December 1, 2018 (the "Indenture"), relating to New Hope Cultural Education Facilities Finance Corporation Senior Living Revenue Bonds (Bridgemoor Plano Project) Senior Series 2018A, Taxable Senior Series 2018B, Subordinate Series 2018C, and Junior Subordinate Series 2018D.

Attention: Trust Department

The undersigned Borrower Representative designated pursuant to the terms of the aforesaid Indenture and a Loan Agreement of even date therewith (the "Agreement") relating to the Bonds identified above between BSPV-Plano, LLC, a Texas limited liability company (the "Borrower") and the New Hope Cultural Education Facilities Finance Corporation hereby requests that there be paid from the Project Fund the sum set forth below, as follows:

| Purpose | Amount |
| --- | --- |
|  |  |

TOTAL:

Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Indenture.

BSPV-PLANO, LLC
a Texas limited liability company


By: _____
Name:
Title:

B-1