## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

|  |  |  |
|---|---|---|
| In re: | § | |
| | § | |
| | § | Chapter 11 |
| BSPV-PLANO, LLC,[1] | § | |
| | § | Case No. 22-40276 (BTR) |
| Debtor. | § | |
| | § | |

## SUPPLEMENT AND AMENDMENT TO DEBTOR'S <u>EMERGENCY</u> MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE PAYMENT OF CLAIMS OF CRITICAL VENDORS AND (II) GRANTING RELATED RELIEF

TO THE HONORABLE BRENDA T. RHOADES, CHIEF UNITED STATES BANKRUPTCY JUDGE:

COMES NOW BSPV-Plano, LLC (the "<u>Debtor</u>"), the debtor-in-possession in the above styled and number bankruptcy case (the "<u>Bankruptcy Case</u>"), and files this Supplement and Amendment to the *Debtor's <u>Emergency</u> Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Claims of Critical Vendors and (II) Granting Related Relief* [Docket No. 11] (the "<u>Motion</u>"),[2] in support of which it respectfully shows as follows:

### BACKGROUND

1.     On March 3, 2022, the Debtor filed the Motion, seeking entry of interim and final orders authorizing, but not directing, the payment of claims of certain Critical Vendors.

2.     On March 14, 2022, the Court entered the *Interim Order (I) Authorizing the Payment of Claims of Critical Vendors and (II) Granting Related* [Docket No. 48], which, among other things, authorized the Debtor to pay prepetition Critical Vendor Claims in the aggregate amount of not more than $517,936.97 to or for the Critical Vendors listed on Exhibit "A" attached

---

[1]     The last four (4) digits of the Debtor's federal tax identification number is (3228).  The Debtor's address for notices is: 4851 Keller Springs Road 209, Addison, Texas 75001.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

thereto, subject to the Critical Vendors agreeing to continue supplying goods or services to the Debtor on the same or better terms as existed between the parties as of the Petition Date, in accordance with a related, approved form of Trade Terms Acknowledgement.

3.      The Court scheduled March 18, 2022 for a final hearing to consider the Motion, and on March 18, 2022, continued the final hearing on the Motion to April 1, 2022, at 10:00 a.m. (prevailing Central time).  Notwithstanding the final hearing, because the prepetition claims of the Critical Vendors identified in the Motion all came due within the interim period before the entry of a Final Order on the Motion, the Final Order submitted with the Motion did not seek authority to pay any additional prepetition Critical Vendor Claims beyond those approved by the Court on an interim basis.

4.      Objections to entry of a Final Order on the Motion were due by March 15, 2022, and no party has filed any such objection.

### SUPPLEMENT AND AMENDMENT

5.      The Debtor has recently learned that P.U.O. Construction, Inc., a subcontractor that does drywall and insulation work related to the Project ("P.U.O."), has indicated that it will refrain from performing further work if it is not paid its outstanding pre-petition balance due and owing for work performed on the Project, in the amount of $35,505.00 (the "Additional Critical Vendor Claim"), comprised of $9,450.00 for prepetition insulation work and $26,055.00 for prepetition drywall work.  True and correct copies of the Applications and Certifications for Payment for the Additional Critical Vendor Claim are attached hereto as **Exhibit "A"**.

6.      Completion of the Project will require additional drywall and insulation work. P.U.O. is familiar with the Project and with the remaining work that needs to be done.  As a pre-existing subcontractor, P.U.O. arguably holds mechanics and materialmens lien rights with respect to the Additional Critical Vendor Claim owed to it for services and materials provided in

connection with the Project.   Finding a replacement for P.U.O. would be both costly and time-consuming and could impact the timely completion of the Project.   Therefore, the Debtor believes that P.U.O. is a Critical Vendor.

7.      Accordingly, the Debtor hereby respectfully supplements and amends its Motion and requests that the Final Order granting the Motion also authorize the Debtor to pay the Additional Critical Vendor Claim to P.U.O. on a final basis, subject to the same conditions required for the payment of the other Critical Vendor Claims.   In particular, the Debtor requests that the Final Order on the Motion include P.U.O. as a Critical Vendor and increase the aggregate amount of Critical Vendor Claims that the Debtor is authorized, but not directed, to pay up to $553,441.97. A proposed Final Order is attached hereto as **Exhibit "B"**.

8.      This Supplement and Amendment supplements and amends, and does not entirely replace, the original Motion.

Dated: March 21, 2022

**MUNSCH HARDT KOPF & HARR, P.C.**

By:   /s/ Thanhan Nguyen
      Davor Rukavina, Esq.
      Texas Bar No. 24030781
      Thomas D. Berghman, Esq.
      Texas Bar No. 24082683
      Jay H. Ong, Esq.
      Texas Bar No. 24028756
      500 North Akard St., Ste. 3800
      Dallas, Texas 75201
      Telephone:    (214) 855-7500
      Facsimile:     (214) 978-4375
      drukavina@munsch.com
      tberghman@munsch.com
      jong@munsch.com

*Proposed Counsel to the Debtor
and Debtor in Possession*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that, on this the 21st day of March 2022, he personally caused to be served a true and correct copy of the foregoing document on the parties listed on the attached Service List in the manner described.

By: /s/ Thanhan Nguyen
    Thanhan Nguyen