

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| In re:<br><br>BSPV-PLANO, LLC,[1]<br><br>               Debtor. | §<br>§<br>§  Chapter 11<br>§<br>§  Case No. 22-40276 (BTR)<br>§<br>§ |

## FINAL ORDER AUTHORIZING POSTPETITION FINANCING

CAME ON FOR FINAL HEARING ("Hearing") the *Emergency Motion for Interim and Final Approval of Postpetition Financing* (the "Motion"), filed by BSPV-Plano, LLC (the "Debtor"), the debtor-in-possession in the above styled and numbered bankruptcy case (the "Bankruptcy Case"). Following an initial hearing conducted to consider the Motion on March 8, 2022, and based on its consideration of the Motion, the arguments of counsel, the evidence adduced at the initial hearing, and the record before it, and found and concluded that, among other things, in order to avert irreparable harm to the Debtor and its estate, it was in the best interests of the Debtor and its estate to authorize on an interim basis the Debtor's borrowing of up to $500,000.00 from DCJ Capital, LLC (the "DIP Lender"), as subsequently extended and increased through a second interim order (the "Interim Loan"), including the Debtor's corresponding payment to the DIP Lender, from the Interim Loan, of an origination fee of $2,500.00 (the "Origination Fee"), an administrative fee of $500.00 (the "Administrative Fee"), and monthly interest at the rate of 4.5% simple interest and a December 31, 2022 maturity date, and accordingly entered an interim Order [Docket No. 47] providing for such interim relief, and a second interim order providing further

---

[1]     The last four (4) digits of the Debtor's federal tax identification number is (3228). The Debtor's address for notices is: 4851 Keller Springs Road 209, Addison, Texas 75001.

relief [Docket No. 81] ("Interim Orders")[2], and the sole objection to the Motion filed by The Huntington National Bank, in its capacity as trustee for certain pre-petition bonds and as secured lender to the Debtor (the "Bond Trustee"), being resolved through this Order. Pursuant to the foregoing, and based on its consideration of the Motion, the arguments of counsel, the evidence adduced at the Hearing and the record before it, this Court finds and concludes[3] that: (i) notice of the Motion, of the initial hearing on the Motion and of the final Hearing were served via the Court's ECF noticing system and via U.S. mail on the parties listed in the respective certificates of service; (ii) the Court has core jurisdiction over the Motion; (iii) venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Bond Trustee has consented to the entry of this final Order, and no other party has raised or indicated any objection to the Motion; and (v) for the reasons stated by the Court on the record, good and sufficient cause exists to grant the relief requested in the Motion and set forth herein as well taken, lawful, appropriate, and in the best interests of the Debtor and the Debtor's estate.

Accordingly, it is hereby:

ORDERED that the Motion is GRANTED on a FINAL basis as provided for herein; it is further

ORDERED that, including the Interim Loan and amount, the Debtor may borrow, on a final basis, up to the aggregate amount of $1,000,000.00 (the "DIP Loan") from the DIP Lender, and the Debtor's payment to the DIP Lender, from the DIP Loan of the Origination Fee and Administrative Fee pursuant to the Interim Orders are hereby approved on a final basis. The Debtor shall further pay to the DIP Lender monthly interest at the rate of 4.5% simple interest, with no

---

[2] Capitalized terms used and not otherwise defined herein have the same definitions as are set forth in the Interim Order.

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

principal payments prior to maturity, which maturity shall be December 31, 2022, unless the DIP Loan is defaulted and accelerated prior thereto subject to further Order of this Court. The Debtor is hereby authorized to enter into and deliver to the DIP Lender the DIP Loan promissory note and DIP Loan deed of trust and any related transactional documents consistent therewith and this Order; it is further

ORDERED that the Debtor is authorized to use the DIP Loan proceeds for any and all uses set forth in the Motion or approved by the DIP Lender consistent with the terms of the Bankruptcy Code, including without limitation: (i) costs of construction of its Project and payment of contractors or vendors, including for prepetition obligations the payment of which the Court separately authorizes; (ii) administrative claims and expenses in this bankruptcy case, including but not limited to statutory fees owed to the United States Trustee and professionals as authorized by the Court or the Bankruptcy Code; and (iii) marketing and advertising the Project, maintenance, repair and operation of the Bridgemoor facility, including but not limited to payroll, and leasing activities; it is further

ORDERED that the DIP Loan shall be in default if this Bankruptcy Case is dismissed or converted, or if a Chapter 11 trustee is appointed, or if the Bond Trustee obtains relief from the automatic stay to foreclose on any of its collateral absent the Debtor's and DIP Lender's consent thereto; it is further

ORDERED that the DIP Loan shall terminate, and the DIP Loan obligations, including any and all accrued interest, fees and costs, shall be immediately due and payable in full, upon the earliest of the following (the "Termination"): (i) the Maturity; or (ii) an uncured default by the Debtor of any of its obligations to the DIP Lender; it is further

ORDERED that, notwithstanding any other provision of this Order, the liens and claims of the DIP Lender shall be subject and subordinate to a "Carve-Out" for professionals of the estate in

the aggregate amount of $250,000.00.  For purposes hereof, the "Carve-Out" shall mean:  (i) the fees and expenses of the Office of the United States Trustee the Debtor's estate is required to pay pursuant to 28 U.S.C. §1930(b)(6), and (ii) the allowed fees and expenses of the professionals retained by the Debtor or any official committee and approved by the Court.  Neither the DIP Loan proceeds nor the Carve-Out may be used in any respect to: (a) contest, hinder or delay the DIP Loan claims or realization upon any of the collateral granted herein to secure the DIP Loan obligations; (b) prosecute any claim or action, the primary purpose of which is to invalidate, set aside avoid or subordinate, in whole or in part, any right of the DIP Lender under the DIP Loan, this Order, or the Interim Orders; or (c) object to, contest or raise any defense to the validity, perfection, priority, extent or enforceability of the DIP Loan claims or realization upon any of the collateral granted herein to secure the DIP Loan obligations; it is further

ORDERED that the DIP Loan shall be, and is hereby, secured by: (i) a first priority security interest and lien against all property of the estate in which the Bond Trustee or the Issuer (as defined in the Motion) does not otherwise have a valid and perfected lien, including in the funds and proceeds of the DIP Loan, but excluding avoidance actions arising or preserved under Chapter 5 of Title 11 of the United States Code, §§ 101 *et seq.*; and (ii) security interests and liens against all property of the estate in which the Bond Trustee, the Issuer, or any other pre-petition creditor (each a "Senior Secured Creditor") otherwise has a valid and perfected lien (the "Senior Secured Creditor Liens"), including but not limited to any Cash Collateral (as defined in this Court's (second) Order Authorizing Interim Use of Cash Collateral at Docket No. 68), post-petition replacement liens granted to the Bond Trustee, and the proceeds of any collateral of a Senior Secured Creditor (all such collateral identified in this (ii), the "Senior Secured Creditor Collateral"), as to which all such security interests and liens granted in favor of the DIP Lender by this Order or any other document relating to the DIP Loan shall be junior and subordinate, in terms

of priority and remedies to the Senior Secured Creditor Liens on such Senior Secured Creditor Collateral. Subject to the foregoing and except as otherwise expressly provided in this Order, the DIP Loan claims and liens of the DIP Lender shall not be subject to any claims for avoidance or recovery of avoided obligations, whether under the Bankruptcy Code or under any other applicable law, or subject to any defense, reduction, recharacterization, subordination, disallowance, impairment, or any other challenge under the Bankruptcy Code or any applicable law or regulation other than for breach of the DIP Loan obligations; it is further

ORDERED that the DIP Loan and all security interests and liens with respect to the same may be evidenced by appropriate promissory notes, UCC financing statements, and deeds of trust, all of which may be filed and recorded against the Debtor and its property, but in all events the terms of this Order shall control and the automatic stay remains in place with respect to the DIP Lender, except in the event that the Court otherwise grants the Bond Trustee relief from the automatic stay, in which case the DIP Lender shall automatically be granted relief from the automatic stay to enforce all of its rights under this Order; it is further

ORDERED that this Order shall be, and is, binding on any trustee or successor to the Debtor or to its estate, and the Court shall retain jurisdiction to the maximum extent possible to interpret and enforce this Order.

SO ORDERED.

Signed on 4/21/2022

*Brenda T. Rhoades*    YM
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

AGREED:

| **MUNSCH HARDT KOPF & HARR, P.C.** | **GREENBERG TRAURIG, LLP** |
|---|---|
| By: /s/ Davor Rukavina<br>Jay H. Ong, Esq.<br>Texas Bar No. 24028756<br>Davor Rukavina, Esq.<br>Texas Bar No. 24030781<br>Thomas D. Berghman, Esq.<br>Texas Bar No. 24082683<br>3800 Lincoln Plaza<br>500 N. Akard Street<br>Dallas, Texas 75201-6659<br>Telephone: (214) 855-7500<br>Facsimile: (214) 855-7584<br><br>**PROPOSED ATTORNEYS FOR THE DEBTOR-IN-POSSESSION** | By: /s/ Kevin J. Walsh (*w/ permission*)<br>Kevin J. Walsh<br>WalshKe@gtlaw.com<br>Colleen A. Murphy<br>MurphyC@gtlaw.com<br>Charles W. Azano<br>AzanoCh@gtlaw.com<br>One International Place, Suite 200<br>Boston, Massachusetts 02110<br>Telephone: (617) 310-6000<br>Facsimile: (617) 310-6001<br><br>**COUNSEL FOR THE HUNTINGTON NATIONAL BANK SOLELY IN ITS CAPACITY AS BOND TRUSTEE ON BEHALF OF HOLDERS OF CERTAIN BONDS** |