IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| BSPV-PLANO, LLC, | § § § | Case No. 22-40276 (BTR) |
| Debtor. | § § | |

**SECOND INTERIM AND FINAL FEE APPLICATION OF GRANT THORNTON LLP AS FINANCIAL ADVISOR TO THE DEBTOR AND DEBTOR-IN-POSSESSION FOR THE PERIOD MARCH 10, 2022 THROUGH SEPTEMBER 30, 2023**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

TO THE HONORABLE BRENDA T. RHOADES, CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW Grant Thornton, LLP ("Grant Thornton"), financial advisor for BSPV-Plano, LLC (the "Debtor"), the debtor and debtor-in-possession in the above styled and numbered bankruptcy case (the "Bankruptcy Case"), and files this its *Second Interim and Final Fee Application of Grant Thornton, LLP as Financial Advisor to the Debtor and Debtor-in-Possession for the Period March 10, 2022 Through September 30, 2023* (the "Application"), respectfully stating as follows:

# I. SUMMARY

1. By this Application, Grant Thornton seeks final allowance of its fees and expenses incurred as financial advisor to the Debtor for the period March 10, 2022 through September 30, 2023 (the "Fee Period"). Specifically, Grant Thornton seeks final allowance of $312,746.00 in fees (the "Requested Fees") and reimbursement of $4,395.47 in expenses (the "Requested Expenses").

2. The following chart summarizes the fees and expenses that are the subject of this Application, including the information specified by Local Bankruptcy Rule 2016(a):

| | |
|---|---|
| Role in Case | Financial Advisor to the Debtor and Debtor-in-Possession |
| Court Approved Date of Retention | April 22, 2022 [Docket No. 93] |
| Date Range for Application | March 10, 2022 through September 30, 2023 |
| Total Fees During Period | $312,746.00 |
| Total Expenses During Period | $4,395.47 |
| Amount Allocated for Preparation of this Fee Application | $2,145.00 |
| Highest Hourly Rate | $795.00 |
| Blended Hourly Rate | $726.05 |
| Principal Advisor | J. Baumgartner/J. Labovitz |
| **Total Fees and Expenses** | **$317,141.47** |

| Professionals | | | | |
|---|---|---|---|---|
| Name | Title | Rate | Hours | Total |
| John Baumgartner | Managing Director | $795 | 216.25 | $159,993.75 |
| Don Davidson | Managing Director | 795 | 35.30 | 26,036.25 |
| Calvin T. Nguyen | Director | 795 | 2.60 | 2,067.00 |
| Jon Labovitz | Director | 715 | 165.50 | 118,332.50 |
| Joshua Wagner | Director | 715 | 4.70 | 3,360.50 |
| Matt Hauser | Senior Manager | 715 | 2.40 | 1,716.00 |
| Elliot Prange | Associate | 310 | 2.00 | 620.00 |
| Julie Ann Gillett | Associate | 310 | 2.00 | 620.00 |

# II. PROCEDURAL BACKGROUND

3. On March 1, 2022 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), thereby

initiating its Bankruptcy Case and creating its bankruptcy estate (the "Estate").

4. The Debtor continues to operate its business and to manage the Estate as a debtor-in-possession. No committee or examiner has been appointed.

5. This Court has jurisdiction over the Bankruptcy Case and the subject matter of this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Case before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.

6. On August 30, 2023, this Court entered an order confirming the Debtor's modified plan of reorganization (Docket No. 365).

7. On December 29, 2023, the Debtor filed its *Notice of Plan Effective Date and Filing of Plan Supplement* (Docket No. 377). The notice disclosed that the plan became effective on December 28, 2023 (the "Effective Date") once all the preconditions to effectiveness of the modified plan were satisfied.

### III.   FACTUAL BACKGROUND

A. **RETENTION OF GRANT THORNTON**

8. On March 23, 2022, the Debtor filed its *Debtor's Application for Entry of an Order Authorizing the Retention of Grant Thornton LLP as Financial Advisor* [Docket No. 70], which included all disclosures required by Bankruptcy Rule 2014 and all other rules and Local Rules. On April 22, 2022, the Court entered its *Order Authorizing Retention of Grant Thornton, LLP* [Docket No. 93], approving the Debtor's retention of Grant Thornton as of March 10, 2022.

B. **PRIOR FEE APPLICATION**

9. Grant Thornton filed its *First Interim Application for Compensation and Reimbursement of Expenses* on May 8, 2023 (Docket No. 327). The application covered fees and

expense incurred during the period between Grant Thornton's retention and March 31, 2023 (the "Interim Period"). This court entered its *Order Granting first Interim Fee Application of Grant Thornton as Financial Advisor* on June 2, 2023 (Docket No. 336).

10. The following table summarizes the fees allowed by the Court's *Order Granting First Interim Fee Application of Grant Thornton as Financial Advisor*.

| Professional | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| John Baumgartner | Managing Director | 161.25 | $ 795.00 | $ 121,237.50 |
| Don Davidson | Managing Director | 35.30 | 795.00 | 26,036.25 |
| Calvin T. Nguyen | Director, Tax | 2.60 | 795.00 | 2,067.00 |
| Jon Labovitz | Director | 156.50 | 715.00 | 111,897.50 |
| Joshua Wagner | Director | 4.70 | 715.00 | 3,360.50 |
| Elliot Prange | Associate | 2.00 | 310.00 | 620.00 |
| Julie Ann Gillett | Associate | 2.00 | 310.00 | 620.00 |
| Total Professional Hours and Amount | | 364.35 | | $ 265,838.75 |

11. The following table summarizes the expense reimbursement allowed by the Court's *Order Granting First Interim Fee Application of Grant Thornton as Financial Advisor*.

| Category | Amount |
|---|---|
| Airfare - Other | $ 2,088.34 |
| Parking | 96.00 |
| Meals | 204.26 |
| Car Service/Taxis | 317.02 |
| Lodging | 276.28 |
| Total Expenses | $ 2,981.90 |

**C.  PREPETITION AND POSTPETITION RETAINERS**

12. Grant Thornton received two post-petition retainer payments totaling $92,102.83. The retainers have been held pending approval to apply the funds to approved fees and expenses.

**D.  MINIMUM FEE INCREMENT**

13. Grant Thornton uses a minimum fee increment of 0.1 hours as its standard practice.

## IV.   REQUESTED FEES AND REQUESTED EXPENSES

14. Attached hereto as Exhibit "A" is a summary of Fees requested by Grant Thornton for professional services for the period between the Interim Period and the Effective Date (the "Second Interim Period"). Exhibits B, C and D, provide, respectively, a summary of the professional fees by task category, expenses incurred while advising the Debtor and detailed time entries for the Second Interim Period. The following is a summary of the significant fees and the expenses during the period between the Interim Period and the Effective Date of the Debtor's modified plan of reorganization.

### A.   COURT HEARINGS AND PREPARATION – 11.50 HOURS, $9,142.50 OF FEES

15. During the Second Interim Period, Grant Thornton incurred $9,142.50 of fees over 11.50 hours related to preparing for and attending Court hearings. Grant Thornton's services provided under this task assisted the Debtor in working to develop and confirm a plan of reorganization. Grant Thornton professionals coordinated closely with Debtor's counsel to prepare to provide testimony in support of confirmation of the modified plan of reorganization.

### B.   FEE / RETENTION– 13.50 HOURS, $10,084.50 OF FEES

16. During the Second Interim Period, Grant Thornton professionals incurred $10,084.50 of fees over 13.50 hours preparing the First Interim Application for payment of fees and expenses. Grant Thornton's services under this task are a necessary component of serving as an estate professional.

### C.   PLAN AND DISCLOSURE STATEMENT – 28.90 HOURS, $22,711.50 OF FEES

17. During the Second Interim Period, Grant Thornton incurred $22,711.50 of fees over 28.90 hours related to preparing for and testifying in support of the Debtor's plan of reorganization and related disclosure statement.

18. Grant Thornton provided services to the Debtor on its confirmed plan of reorganization by testifying over several days about the work performed to conduct the complex analysis on potential liquidation scenarios, assessment of operative interest rates and feasibility of different scenarios. As a real estate developer, the Debtor is acutely impacted by swings in interest rates on a federal and private level, which has a corresponding impact on the viability of the Debtor's potential Plan.

19. The volatility in the real estate market, caused in no small part by major strategy changes implemented by the Federal Reserve, necessitated an extensive review of any potential interest rates on the reorganization that the Debtor proposed. This analysis involved a evaluating a broader view on the potential impact of the Debtor's proposals, as the effect on the creditors in this case became a major concern.

20. As a result of the expertise provided by Grant Thornton in these areas, the Debtor was able to confirm its modified plan of reorganization.

D. **TRAVEL TIME – 12.50 HOURS, $4,968.75 OF FEES**

21. During the Second Interim Period, Grant Thornton professionals spent 12.50 hours of non-working time travelling to attend and testify at hearings in support of the Debtor's plan of reorganization and disclosure statement.. Grant Thornton's practice is to charge for non-working travel time at 50% of the agreed hourly rate for the professional.

E. **EXPENSES – $1,413.57**

22. During the Second Interim Period, Grant Thornton advanced $1,413.57 of expenses to the Debtor. These expenses included: (i) 791.94 of airfare costs for travel; (ii) $14.99 for meals during travel; (iii) $483.47 for car services and taxis to and from airports and a bus service for travel from Dallas to Houston during a thunderstorm that grounded flights between the cities and

(iv) $123.17 for lodging while in the Dallas areas to testify. Each of the Requested Expenses represents actual out-of-pocket expenses advanced by Grant Thornton for services to the Debtor, with no profit or markup by Grant Thornton. Each of these expenses represents an actual and necessary expense of the Estate and benefitted the Estate by enabling Grant Thornton to provide its services to the Debtor.

**F.    Summary of Fees and Expenses Included in this Application.**

23.    Exhibit E presents a summary of fees incurred by professional during the Fee Period.

24.    Exhibit F presents a summary of professional fees by task category during the Fee Period.

25.    Exhibit G presents a summary of the expenses incurred during the Fee Period.

26.    Exhibit H presents detailed time entries for services provided by Grant Thornton professionals while advising the Debtor.

## V.    DISCUSSION

**A.    STANDARDS FOR ALLOWANCE OF FEES AND EXPENSES**

27.    Under section 330 of the Bankruptcy Code, a bankruptcy court may allow reasonable compensation for actual, necessary professional services rendered by a professional in the case, determining the reasonableness of the compensation requested based upon the nature, extent and value of such services to the estate. Similarly, a bankruptcy court may allow the reimbursement of actual, necessary expenses incurred by a professional in connection with the rendition of services. Specifically, section 330 provides in pertinent part:

> (a)(1) the court may award to . . . a professional person employed under section 327 . . . –

    (A)    reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person;

    (B)    reimbursement for actual, necessary expenses. . . .

(3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

    (A)    the time spent on such services;

    (B)    the rates charged for such services;

    (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

    (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(1), (3). The Fifth Circuit has held that the five factors set out in section 330(a)(3) of the Bankruptcy Code are the most relevant to fee determinations in bankruptcy cases. *See, e.g.*, *Peele v. Cunningham (In re Texas Securities, Inc.)*, 218 F.3d 443, 445 (5th Cir. 2000). Of additional relevance are the twelve factors set forth by the Fifth Circuit in the seminal case of *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974).

**B.**     **APPLICATION OF FACTORS**

    28.    Grant Thornton submits that the time it spent on the services represented by the Requested Fees was reasonable. Grant Thornton expended its time only insofar as its services were necessary to advance the interests of the Estate. This included staffing only those advisors who could provide the experience necessary to achieving the appropriate result, whether this was

limiting headcount or assigning tasks to lower-billing advisors. Moreover, Grant Thornton endeavored to avoid overlap of fees incurred by Grant Thornton and Debtor's counsel.

29. With respect to rates charged, Grant Thornton submits that that each of its hourly rates is reasonable, as measured by: (i) the experience level of each of the professionals; (ii) the skills and responsibilities of each of the professionals; (iii) the tasks undertaken by the professionals; and (iv) the average hourly rates of similarly experienced and situated attorneys in the North Texas market.

30. The terms of the Statement of Work that governs the services Grant Thornton provides to the Debtor allow for increases in professional rates at the beginning of August each year. Grant Thornton did not increase its rates during the course of the engagement.

31. The blended rate of $726.05 per hour is reasonable based on similar cases, local practice, and complexity.

32. The Requested Fees are reasonable based on the benefits provided. The Debtor, in coordination with Grant Thornton, navigated the initial pains of bankruptcy, assessed its business operations to maximize value to the estate, reworked its assets and liabilities, secured $1 million DIP and $1.2 million of additional equity funding to finance the Bankruptcy Case and complete the Project, successfully developed a Plan of Reorganization and confirmed a modified Plan of Reorganization. The results of Grant Thornton's advisory role have successfully aided the Debtor in reaching the Effective Date of the case.

33. The necessity of Grant Thornton's retention was recognized by this Court in approving the Debtor's application to retain Grant Thornton. Mindful of this acknowledgement, Grant Thornton did not create unnecessary work and, in all respects, attempted to prevent the creation of additional work for the Estate.

**C.    FINAL APPROVAL**

34.    Pursuant to section 331 of the Bankruptcy Code, this Court may award interim fees and expenses, subject to the filing of a final fee application at the appropriate time, with all such interim payments being subject to full disgorgement. Grant Thornton requests the final approval of this Application and the payment of the Requested Fees and Expenses.

**D.    SERVICE OF INVOICE**

35.    To minimize costs, Grant Thornton is not serving the exhibits attached hereto on all parties receiving this Application. Nevertheless, any party that wishes to obtain a copy of the exhibits may obtain one free of charge by contacting: Conor White, Munsch Hardt Kopf & Harr, P.C., 4000 Ross Tower, 500 N. Akard Street, Dallas, Texas 75201, Telephone: (214) 855-7500.

## VI.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Grant Thornton respectfully requests that the Court enter an order: (i) approving this Application; (ii) allowing the Requested Fees and Expenses in the amount of $317,141.50, on a final basis; (iii) authorizing the Debtor to pay Grant Thornton's Requested Fees and Expenses; and (iv) providing Grant Thornton such other and further relief to which it may show itself to be justly entitled.

RESPECTFULLY SUBMITTED this 26th day of January, 2024.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ *Conor White*
Jay H. Ong, Esq.
Texas Bar No. 24028756
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Conor P. White, Esq.
Texas Bar No. 24125722
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR THE
DEBTOR-IN-POSSESSION**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 26th day of January, 2024, true and correct copies of this Application, with the exhibit thereto and the proposed order thereon, were electronically served by the Court's ECF system on parties entitled to notice in this Bankruptcy Case, and that, additionally, on the same date he caused true and correct copies of this Application, with the exhibit thereto and the proposed order thereon, to be served, by U.S. first class mail, postage prepaid, on the following:

BSPV-Plano, LLC
4851 Keller Springs Rd.
Suite 209
Addison, TX 75001

Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702

and that, on the same date, he caused true and correct copies of this Application, without the exhibit thereto but with the proposed order thereon, to be served, by U.S. first class mail, postage prepaid, on the parties listed on the attached Service List.

By: /s/ *Conor White*
Conor P. White